### Bert Armstrong v. Peter Van DeNeste.

#### Gen. No. 4,758.

1. IMPEACHMENT—*when cannot be made.* A witness cannot be impeached by contradicting him as to immaterial matters.

Action commenced before justice of the peace. Appeal from the Circuit Court of Henry county; the Hon. EMERY C. GRAVES, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed March 13, 1907.

HARRY A. REHERD, for appellant.

HARRY E. BROWN, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

This was an action originally commenced before a

justice of the peace of Henry county by Peter Van De
Neste, a minor, who sued by his next friend, against
appellant, Bert Armstrong. There was a trial and
judgment for appellee. The case was taken on appeal
to the Circuit Court of said county where a trial was
had resulting in a verdict in appellee's favor for fifty
dollars, a motion for a new trial was overruled, judg-
ment entered on the verdict and the case brought to
this court by appeal.

The evidence shows that the action was commenced
to recover upon a *quantum meruit* for work and labor
done and performed by appellee, Peter Van De Neste,
while a minor, for the appellant, Bert Armstrong. It
appears from the evidence that appellee, while a
minor, worked for appellant from the 20th day of Feb-
ruary, 1905, to the 5th day of July, following, and
then left his service; and that he was to receive as
wages twenty-four dollars per month and board and
washing until after threshing. A number of witnesses
testified as to the value of his services, and the amount
of the judgment is not questioned if he had a right
of recovery.

Appellant's contention is that the work and labor
sued for was done and performed under an entire con-
tract, and that appellee abandoned the contract with-
out cause and thereby forfeited his right of recovery.
Admitting appellee's minority, and that the original
undertaking was voidable, appellant urges in support
of his position, a ratification of the original contract
by appellee's father. The evidence discloses that in
April, after appellee began work in February, appel-
lant met Bruno Van De Neste, father of appellee, and
they had a conversation about appellee and the terms
of his employment. Appellant testified that he told
the father that Peter was sick and that he had hired
him for twenty-four dollars, board and washing, per
month, until after threshing, and that the father said
all right, if Peter paid for his clothes and his doctor's

bills he wanted half his wages, and if he didn't, he wanted all his wages. The father testified that he said he would like half his son's wages if he could get them; if not, his son might have them all and he would not bother him any more. In June, appellant paid appellee thirty dollars, and other amounts later, without consulting the father, who, in May following, published a notice giving the son his time and the right to collect his wages, and caused a letter to be written appellant notifying him of the fact, and on the trial testified that he had not received any of appellee's wages, did not want any, but wanted him to have them all. The evidence does not support appellant's contention of a ratification of the original contract of employment but creates a presumption of the emancipation of the son; and we must hold he had a right to recover upon the implied contract arising from his services or a *quantum meruit*, and a recovery by appellee under the circumstances would bar any action the father might institute.

Complaint is made of the refusal of the court to permit appellant to show when the threshing season of 1905 was over, and what appellee said his reasons were for quitting appellant's service. To show when the threshing season ended, or any reason assigned by appellee for quitting appellant's service, would not tend to make a defense to the action, and the objections were properly sustained.

Complaint is also made that appellant's cross-examination of appellee's father was unduly restricted. The object of the testimony excluded was to impeach his evidence upon an immaterial issue, and there was no error in sustaining the objections thereto.

Complaint is also made of the first and second instructions given on behalf of appellee. The first advised the jury how to compute the amount due, if any, and that the recovery would be upon a *quantum meruit*. The second stated: "The jury are instructed that

there is no contract in this case of any kind, except an implied contract for the payment of services rendered." Each was correct in principle and applicable to the evidence and properly given.

It is. urged that the trial court erred in refusing to give instructions numbers eight and ten asked by appellant. Neither was supported by the evidence, nor in harmony with the law·given for appellee, and there was no error in their refusal.

The verdict meeting our approval, and finding no material error of law in the record, the judgment of the trial court is affirmed.

*Affirmed.*